UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 02-387 (RHK/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>STEVEN W. RADDATZ,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **POSITION OF THE UNITED STATES WITH REGARD TO CALCULATION OF THE SENTENCING RANGE** |

The United States of America, by and through Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Robert M. Lewis, Assistant United States Attorney, respectfully submits the following brief as ordered by the Court. In summary, the Court should sentence the defendant to 60 months, consistent with the pre-sentence investigation report.

The Supreme Court – and now the Court of Appeals in remanding this case – have indicated that this Court shall sentence the defendant by taking the United States Sentencing Guidelines into account and by applying the standards of 18 U.S.C. § 3553(a). *See Booker v. United States*, 125 S.Ct. 738 (2005). This requires a calculation of the Guidelines range and an analysis of the appropriate sentence under Section 3553.

The Court has already heard substantial evidence and essentially concluded that the PSR correctly calculated the correct Guidelines range. The pre-sentence investigation report ("PSR") found the final offense level to be 25, including a base offense level of 6, a loss enhancement of 18 due to the loss exceeding $2,500,000, an additional two levels for having more than 10 victims, a further two level increase for obtaining over $1,000,000 in gross receipts from one bank, and a three-level reduction for acceptance of responsibility. (PSR at 12-13).

In the sentencing hearing, the government presented evidence on the issues of loss, the

numbers of victims, and other factors. (*See generally* Hg. Tr. 05/17/04, 05/28/04). The defendant challenged some of the evidence, but did concede that the loss in his case was over $400,000. (Hg. Tr. 05/17/04). After the hearings and at the time of sentencing, the Court noted that the government would have met the burden of proving what the PSR had recommended on most issues and even probably on the issue of loss, at least by a preponderance standard. (Hg. Tr. 07/21/04 at 19-20). (The Court indicated that the government would not have established further aggravating factors). (Hg. Tr. 07/21/04 at 21). The Court also stated that the defendant would have met Guidelines' factual the threshhold for credit for acceptance of responsibility. (Hg. Tr. 07/21/04 at 19). The government does not contest that finding now.

Thus, the correct Guidelines level in this case is 25 as recommended by the PSR. The PSR's and Guidelines' sentence range is 57-71 months. In this case, the government respectfully submits, an appropriate sentence is at least 60 months. First, the loss was approximately $6,000,000 and was incurred primarily by two independent rural banks. Further, the PSR concluded and the evidence showed that there were nearly twenty victims (those banks, Case New Holland, the farmers in whose names the defendant issued loans, and his two employee/investors). Here, after receiving the adjustment for acceptance, there is no basis for the Court to consider any departures or deviations from the prima facie Guidelines range.

A sentence of 60 months also comports with the factors in 18 U.S.C. § 3553(a). First of all, considering the circumstances of the defendant and the need to provide restitution, a term toward the lower and of the range is appropriate. Id. § 3553(a)(1), (7). However, a sentence at the rock bottom of the range would fail to comply with the balance of the statutory factors. First of all, the loss here is near the top of the $2,500,000-$7,000,000 range. Second, this was not a binge. It was a lengthy

offense, committed over approximately two years. It affected local victims and a company in another state. The scope of the harm suggests a sentence of at least 60 months. With more than a dozen victims and a loss of $6,000,000, such a sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide deterrence, and avoid sentence disparities. Id. § 3553(a)(2)(A)-(B), (a)(6). Before this defendant was sentenced and after he is sentenced, others committing fraud at this level have been and are likely to be sentenced to at least five years imprisonment. The circumstances of this case are no different.

For these and all reasons already given, the defendant should be sentenced based on an adjusted offense level of 25, and a total sentence of 60 months would comply with the factors set forth in 18 U.S.C. § 3553(a) and satisfy the interests of justice.

Respectfully submitted,

Dated: July 27, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/Robert M. Lewis

BY: ROBERT M. LEWIS
Assistant U.S. Attorney
Attorney ID No. 0249488