# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY U.S. MAIL
2005 AUG -8 AM 9:34
CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

---

No. 04-3047

---

CR 02-387 RHK/AJB

United States of America, *
*
Plaintiff - Appellant, *
*
v. *
*
Steven Wayne Raddatz, *
*
Defendant - Appellee. *

Appeals from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

---

No. 04-2863

---

United States of America, *
*
Plaintiff - Appellee, *
*
v. *
*
Steven Wayne Raddatz, *
*
Defendant - Appellant. *

---

Submitted: March 15, 2005
Filed: June 22, 2005

SCANNED
AUG 08 2005
U.S. DISTRICT COURT MPLS

---

Before MURPHY, BYE, and SMITH, Circuit Judges.

---

PER CURIAM.

Steven Wayne Raddatz pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344 and two counts of mail fraud in violation of 18 U.S.C. § 1341. The plea agreement left a number of guideline determinations to the district court, including the amount of loss, number of victims, role in the offense, and acceptance of responsibility. The district court held an evidentiary hearing on these matters in May 2004, and in June 2004 the parties submitted briefs setting forth their respective positions. The presentence report recommended a final offense level of 25 under the United States Sentencing Guidelines with a recommended sentencing range of 57 to 71 months.

A sentencing hearing was set for July 21, 2004. Prior to sentencing, on June 24, 2004, the Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004). At sentencing, the district court determined Blakely applied to the Guidelines, but did not render them wholly unconstitutional. Accordingly, the district court severed those portions requiring it to enhance the sentence based on judge-found facts. The district court also concluded it could not decrease Raddatz's sentence by three levels for acceptance of responsibility, stating it would be unfair to the government to decrease the offense level in his favor when it could not increase the offense level as suggested by the government.

Based on a base offense level of six and a fourteen-level enhancement for a conceded loss amount between $400,000 and $1 million, the district court found Raddatz's adjusted offense level was 20, with a sentencing range of 33 to 41 months.

The district court then imposed a sentence of 36 months imprisonment and restitution in the amount of $5,503,772.

Both parties appealed, with Raddatz arguing the district court erred by not awarding him acceptance of responsibility, and the government arguing the district court erred by not applying sentencing enhancements because of Blakely.

Under United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court found the Guidelines unconstitutional to the extent they enhance a sentence beyond the maximum sentence permissible based on the facts found by the jury, but the Supreme Court's remedy was to "make[] the Guidelines effectively advisory" and still "require[] a sentencing court to consider Guidelines ranges." Id. at 757. Because the correct calculation of the Guidelines sentencing range continues to be "the critical starting point for the imposition of a sentence," United States v. Mashek, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005), "[w]e first ask whether the district court correctly applied the guidelines in determining a guidelines sentencing range," United States v. Hadash, No. 03-2180, 2005 WL 1250331, at *1 (8th Cir. May 27, 2005). If the district court failed to calculate properly the Guidelines sentencing range, "we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a)." Id. (quoting Mashek, 406 F.3d at 1017). We will not remand, however, "if the error in application was harmless, such as when the district court would have imposed the same sentence absent the error." Id.

Here, it is apparent the district court failed to calculate properly the Guidelines sentencing range. Further, we conclude the error was not harmless. While we express no opinion at this juncture as to the applicability of those Guideline provisions the district court refused to consider, we note the PSR recommended a Guidelines sentencing range of 57 to 71 months. Assuming the PSR accurately calculated the sentencing range, the sentence imposed does not fall within any

overlap between the correct and incorrect (33 to 41 months) Guidelines ranges. See United States v. Harris, 390 F.3d 572, 573 (8th Cir. 2004). Additionally, we find nothing in the record to suggest the district court would have imposed the same sentence had it properly considered the Guidelines. See Hadish, 2005 WL 1250331, at *2.

Accordingly, we vacate the sentence and remand to the district court for resentencing in accordance with Booker.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans