UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 02-387 RHK/AJB

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN WAYNE RADDATZ,<br><br>Defendant. | **POSITION PAPER OF DEFENDANT REGARDING SENTENCING FACTORS ON REMAND** |

The above-named Defendant by and through his attorney, Robert W. Owens, Jr., submits the following as his position with regard to sentencing factors on remand.

Defendant's sentence should remain at 36 months for the following five reasons.

First, in *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court did not overrule *Blakely v. Washington*, 124 S.Ct. 2531 (2004) but devised a compromise procedure that attempts to respect a defendant's Sixth Amendment right to a determination by a jury of facts that increase his sentence, and at the same time satisfy practical, prospective policy problems that would arise if *Blakely* was simply affirmed. None of those prospective policy considerations are relevant here. Mr. Raddatz's evidentiary hearing before the Court with a "fair preponderance" burden and with relaxed evidentiary rules was held in May of 2004. This Court determined what had been proved and not proved consistent with Mr. Raddatz's Sixth Amendment protections. Those protections remain to this day.

Amending that sentence at this juncture because of a compromise procedure that is born of policy considerations for defendants who have not yet been charged is neither logical

nor fair to Mr. Raddatz. However, we acknowledge the directive of the Eighth Circuit Court of Appeals.

Second, this case was remanded for an error in form not substance. It was an error that could not have been foreseen. However, the Court's sentence is in compliance with *Booker*. The Government is asking the Court to ignore *Booker* and issue a pure guideline sentence. The 36 months the Court ordered is in the middle of the 31-44 month "box." The Court rejected the Government's request for more time as well as the Defendant's request for less time. This sentence speaks for itself. In other words, the Court already used the guidelines in an advisory capacity. If the Court thought Mr. Raddatz deserved considerably more time as the Government suggests, it could have sentenced him to the 41 months at the "top of the box." Similarly, if the Court thought that Mr. Raddatz's sentence should have been lower as we contended, it would have sentenced him at the "bottom of the box." It is respectfully submitted that this sentence indicates the Court believed that 36 months was an appropriate sentence for this individual with no criminal history, and after hearing all the arguments about the guideline factors.

Third, if the Court recalculates the offense level, it may recall the following from the sentencing hearing:

> …but I am satisfied that there was proof beyond a reasonable doubt, even though it's not my decision that there were more than ten victims; that more than $1 million came from a bank. [Sentencing tr. at p. 19, l. 22-25].

When AUSA Lewis pushed for a similar factual finding on the amount of loss, however, the Court responded,

> I am not going to decide that. I don't have to. I probably would have under a preponderance of the evidence rule. I guess I can answer that question affirmatively. If I were the finder of fact and the requirement were proof beyond a reasonable doubt – it's hard to answer that because with proof beyond a reasonable doubt also comes in some evidentiary issues which would have made the government's task substantially harder in terms of getting admissible evidence and foundation for a lot of documents. But on a fair preponderance and using what I'll call the rules of evidence that were applicable before *Blakely*, I think I would have found that the loss was over 2.5 million. That's not an issue that's in front of me. While we're on it, I would not have found a leadership role enhancement. I would not have found abuse of trust. [Sentencing tr. at pp. 20 & 21].

The Court may recall the compelling testimony of the parts supervisor from West Side Implement who testified that there were $2,758,076.51 worth of new parts (which were collateral) that victim Case New Holland unceremoniously seized. This testimony was supported by documentary evidence as well. Sentencing Exhibits C1 & C2 were the parts inventories completed just 2½ months before Case New Holland rolled in, pushed everyone aside, cleaned out West Side Implement, and then only credited Mr. Raddatz with $583,239.32 for returned parts. See Sentencing Exhibit D.

No doubt this evidence, and the relaxed rules of evidence enjoyed by the government at the sentencing hearing, were among the factors that prompted the Court to respond to AUSA Lewis as it did.

We submit that nothing in *Booker* requires, or arguably even allows, the Court to now use the $2.5 million loss enhancement against Mr. Raddatz.

Therefore, based on the Court's statements, the post-Booker advisory calculations would be:

| | |
|---|---|
| Base-level | 6 |
| Loss ($400,000) | 14 |
| Greater than 10 victims | 2 |
| Greater than $1 million/one bank | 2 |
| Acceptance | -3 |
| TOTAL | 21 |

This is one level greater that the "20" the Court utilized on July 21, 2004. This would be a guideline range of 37-46 instead of 33-41, so if the guidelines are advisory, the 36 month sentence need not be altered.

Fourth, sentencing on remand may consider all relevant factors, including how Mr. Raddatz has fared since the original sentence was imposed. 18 U.S.C. §3661 states, "No limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence." It has been 12 months, and according to the attached documents from FPC Duluth, Mr. Raddatz is doing exceptionally well. There have been no disciplinary issues. He is the supervisor of the garage and reports that his supervisor, Mr. Lundholm, has stated he would "recommend me or hire me for any job position on the street also." Some of the comments on his performance reports are:

| | |
|---|---|
| 10/29/04 | Inmate Raddatz great worker. Will be moved to Grade 4 as soon as possible. |
| 11/30/04 | Outstanding worker Always helping other inmates … |
| 03/31/05 | Excellent with paper work. Always on time good worker. |
| 04/29/05 | Great worker, will be moved to Grade 2 soon |
| 07/05/05 | Outstanding worker. Did outstanding job with ACA prep and bin cards, etc. Went far beyond and above. |

Attached as Exhibit A please find Mr. Raddatz's letter to the undersigned and the FPC

Performance Reports.

Lastly, it is respectfully submitted that giving Mr. Raddatz additional time, after he has come to grips with a three-year sentence, settled in and behaved admirably would be a cruel, harsh and an unproductive measure at this time.

Dated: August 18, 2005

Respectfully submitted,

OLIVE, TABER & OWENS, P.A.

By: /s/ Robert W. Owens, Jr.

Robert W. Owens, Jr. (#146833)
5270 W. 84th Street, Suite 300
Bloomington, MN 55437
Telephone: (952) 831-0733
Attorneys for Defendant