AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court
**District of Minnesota**

UNITED STATES OF AMERICA
v.
**Steven Wayne Raddatz**

**RE -SENTENCING**
**JUDGMENT IN A CRIMINAL CASE**
Case Number: **Cr. 02-387 RHK**
USM Number: **10820-041**
Social Security Number: 3997
Date of Birth: 1959

**Robert Owens**
Defendant's Attorney

**THE DEFENDANT:**

[**x**] pleaded guilty to count(s): **3,6, 10 and 12.**.
[] pleaded nolo contendere to counts(s) which was accepted by the court .
[] was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1344 | Bank Fraud | 10/25/00 | 3 |
| | | 12/8/01 | 6 |
| 18 USC 1341 | Mail Fraud | 9/17/01 | 10 |
| 18 USC 1341 | Mail Fraud | 8/02 | 12 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**()** The defendant has been found not guilty on counts(s) **.**
[**x**] Count(s) **remaining** (is)(are) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

**September 12, 2005**
Date of Imposition of Judgment

s/ Richard H. Kyle
Signature of Judge

**RICHARD H. KYLE**, United States District Judge
Name & Title of Judge

**September 12, 2005**
Date

DEFENDANT: STEVEN WAYNE RADDATZ
CASE NUMBER: CR. 02-387 RHK

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of .**48 months as to each count 3,6,10,12 to be served concurrently to each other. Restitution in the amount of $5,503,772.00 is due to the victims listed. Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. It is recommended that the defendant participate in the Inmate Responsibility Program while incarcerated. Payments of not less than $250 per month are to be made over a period of 5 years commencing 30 days after the release from confinement. Payments are to be made payable to the Clerk US District Court, for disbursement to the victims. Court waives interest requirement in accordance with 18 USC 3612(f)(3)**.

[**x**] The court makes the following recommendations to the Bureau of Prisons:
**confinement be at the Federal Facility in Duluth Minnesota.**

[**x**] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] at on .
[] as notified by the United States Marshal.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on ____________ to ____________

a ____________, with a certified copy of this judgment.

______________________________
United States Marshal

By ______________________________
Deputy United States Marshal

DEFENDANT: STEVEN WAYNE RADDATZ
CASE NUMBER: CR. 02-387 RHK

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years as to each count 3,6,10 and 12 to be served concurrently to each other**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[**x**] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[**x**] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: STEVEN WAYNE RADDATZ
CASE NUMBER: CR. 02-387 RHK

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d Instant offense is not drug related and the defendant does not have a history of drug abuse, the defendant is not required to undergo mandatory drug testing as set forth by 18 USC 3563(a) and 3583(d).

e Defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

f Defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

g Defendant

DEFENDANT: STEVEN WAYNE RADDATZ
CASE NUMBER: CR. 02-387 RHK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $400.00 | | $5,503,772.00 |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Case New Holland | | $2,979,758.00 | |
| Yellow Medicine County Bank | | $1,888,192.00 | |
| Granite Falls Bank | | $405,947.00 | |
| Jay Lessman | | $14,359.00 | |
| Richard Timm | | $2,611.00 | |
| David Lanners | | $45,000.00 | |
| Larry Nelson | | $65,000.00 | |
| Dennis Hansen | | $50,000.00 | |
| Bruce Boerboom | | $5,405.00 | |
| John Luinenburg | | $5,000.00 | |
| Jerry Wyffels | | $10,000.00 | |
| Dean Zollner | | $17,500.00 | |
| Roger Hesebeck | | $10,000.00 | |
| Nathan Cole | | $5,000.00 | |
| TOTALS: | $0.00 | $5,503,772.00 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[] Restitution amount ordered pursuant to plea agreement **$**.

[] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in

full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[**x**] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[**x**] the interest requirement is waived for the [] fine [**x**] restitution.

[] the interest requirement for the: [] fine [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: STEVEN WAYNE RADDATZ
CASE NUMBER: CR. 02-387 RHK

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**48 months as to each count 3,6,10,12 to be served concurrently to each other. Restitution in the amount of $5,503,772.00 is due to the victims listed. Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. It is recommended that the defendant participate in the Inmate Responsibility Program while incarcerated. Payments of not less than $250 per month are to be made over a period of 5 years commencing 30 days after the release from confinement. Payments are to be made payable to the Clerk US District Court, for disbursement to the victims. Court waives interest requirement in accordance with 18 USC 3612(f)(3).**